THOMAS E. FRANKOVICH.
*A Professional Law Corporation*
THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
San Rafael. CA 94903
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiff
CRAIG YATES, an individual

E-filing

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES. an individual. | CASE NO. CV 10 1410 |
| Plaintiff. | Civil Rights |
| v. | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** |
| PHO CLEMENT RESTAURANT; ROBERTO TIM-HUNG LEONG (a.k.a. ROBERTO LEON) and MARIA LEE LEONG (a.k.a. MARIA LEON). As Trustees. OF THE ROBERTO TIM-HUNG LEONG AND MARIA LEE LEONG REVOCABLE TRUST DATED MARCH 21, 2000; and QUANG B. TRAN, an individual dba PHO CLEMENT RESTAURANT, | **1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*) |
| | **2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3 |
| Defendants. | **3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.* |
| | **4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages. Facilities. Privileges and/or Services in Violation of California Civil Code §51. *et seq* (The Unruh Civil Rights Act) |

**DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiff CRAIG YATES, an individual. complains of defendants ROBERTO TIM-

2    HUNG LEONG (a.k.a. ROBERTO LEON) and MARIA LEE LEONG (a.k.a. MARIA LEON).

3    As Trustees. OF THE ROBERTO TIM-HUNG LEONG AND MARIA LEE LEONG

4    REVOCABLE TRUST DATED MARCH 21. 2000; and QUANG B. TRAN. an individual dba

5    PHO CLEMENT RESTAURANT and alleges as follows:

6    **INTRODUCTION:**

7        1.    This is a civil rights action for discrimination against persons with physical

8    disabilities. of which class plaintiff CRAIG YATES and the disability community are members,

9    for failure to remove architectural barriers structural in nature at defendants' PHO CLEMENT

10   RESTAURANT. a place of public accommodation, thereby discriminatorily denying plaintiff

11   and the class of other similarly situated persons with physical disabilities access to. the full and

12   equal enjoyment of, opportunity to participate in, and benefit from, the goods. facilities, services,

13   and accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the

14   Americans with Disabilities Act of 1990. 42 U.S.C. §12101. *et seq.*; California Civil Code §§51,

15   51.5 and 54. *et seq.*; and California Health & Safety Code §19955, *et seq*

16       2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

17   December 18. 2009. January 23, 2010, February 11, 2010 and March 4, 2010, was an invitee,

18   guest. patron, customer at defendants' PHO CLEMENT RESTAURANT. in the City of San

19   Francisco. California.  At said times and place. defendants failed to provide proper legal access

20   to the restaurant. which is a "public accommodation" and/or a "public facility" including, but not

21   limited to the entrance. path of travel, men's restroom and women's restroom.  The denial of

22   access was in violation of both federal and California legal requirements. and plaintiff CRAIG

23   YATES suffered violation of his civil rights to full and equal access, and was embarrassed and

24   humiliated.                                                                          .

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3. **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4. **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 239 Clement Street, in the City and County of San Francisco, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

5. Plaintiff CRAIG YATES is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

6.     Defendants ROBERTO TIM-HUNG LEONG (a.k.a. ROBERTO LEON) and MARIA LEE LEONG (a.k.a. MARIA LEON), As Trustees, OF THE ROBERTO TIM-HUNG LEONG AND MARIA LEE LEONG REVOCABLE TRUST DATED MARCH 21, 2000; and QUANG B. TRAN, an individual dba PHO CLEMENT RESTAURANT (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as PHO CLEMENT RESTAURANT, located at/near 239 Clement Street, San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

7.     At all times relevant to this complaint, defendants ROBERTO TIM-HUNG LEONG (a.k.a. ROBERTO LEON) and MARIA LEE LEONG (a.k.a. MARIA LEON), As Trustees, OF THE ROBERTO TIM-HUNG LEONG AND MARIA LEE LEONG REVOCABLE TRUST DATED MARCH 21, 2000; and QUANG B. TRAN, an individual dba PHO CLEMENT RESTAURANT, own and operate in joint venture the subject PHO CLEMENT RESTAURANT as a public accommodation. This business is open to the general public and conducts business therein. The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.*, Health and Safety code §19955, *et seq.*, and the ADA, 42 U.S.C. §12101, *et seq.*

///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

8.   At all times relevant to this complaint. defendants ROBERTO TIM-HUNG LEONG (a.k.a. ROBERTO LEON) and MARIA LEE LEONG (a.k.a. MARIA LEON). As Trustees. OF THE ROBERTO TIM-HUNG LEONG AND MARIA LEE LEONG REVOCABLE TRUST DATED MARCH 21, 2000; and QUANG B. TRAN. an individual dba PHO CLEMENT RESTAURANT are jointly and severally responsible to identify and remove architectural barriers at the subject restaurant pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

§ 36.201    General

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties. allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

9.   The PHO CLEMENT, is a restaurant. located at/near 239 Clement Street, San Francisco. California.  The PHO CLEMENT RESTAURANT, its entrance. path of travel, men's restroom. women's restroom. and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief. each such facility has. since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the PHO CLEMENT RESTAURANT and each of its facilities. its entrance. path of travel. men's restroom and women's restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG). and Title 24 of the California Code of regulations (Title 24).

///
///
///
///
///

10.     On or about March 2000, defendants' and each of them purchased and/or took possessory control of the premises now known as PHO CLEMENT RESTAURANT. At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that the restaurant was not accessible to the disabled. Nevertheless, defendants' and each of them, operated restaurant as though it was accessible.

11.     At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

12.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the PHO CLEMENT RESTAURANT as being handicapped accessible and handicapped usable.

13.     On or about December 18, 2009, January 23, 2010, February 11, 2010 and March 4, 2010, plaintiff CRAIG YATES was an invitee and guest at the subject PHO CLEMENT RESTAURANT, for purposes of having food and drinks.

14.     On or about December 18, 2009, plaintiff CRAIG YATES approached the double entry doors of PHO CLEMENT RESTAURANT. Plaintiff CRAIG YATES struggled with the doors due to excessive door pressure and a rapid closure rate. Plaintiff CRAIG YATES stressed and strained himself while attempting to open the doors and enter the restaurant.

15.     Plaintiff CRAIG YATES encountered and had the same experience with this barrier on all occasions stated herein.

16.     On or about December 18, 2009, plaintiff CRAIG YATES needed to use the men's restroom. Plaintiff CRAIG YATES attempted to use the men's restroom but shelving and storage materials blocked its entrance.

17.     At said time and place, plaintiff CRAIG YATES was informed by a food server that the men's restroom was not accessible and that he should use the women's restroom.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

18.   At said time and place, plaintiff CRAIG YATES attempted to use the women's restroom.   Plaintiff CRAIG YATES found that it was not accessible, to wit: the entry door swung in and took up clear space; the lavatory was in a cabinet; there were no grab bars; the dispensers were questionable as were other elements.

19.   On or about January 29, 2010, plaintiff CRAIG YATES wrote the landlord and the tenant about these barriers.   Plaintiff CRAIG YATES never received a response, nor at anytime were any of the barriers removed.

20.   On or about January 23, 2010, February 11, 2010 and March 4, 2010, plaintiff CRAIG YATES saw that no remedial work had been done, or any other steps taken to provide for a more accessible restaurant.

21.   Therefore, at said times and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject PHO CLEMENT RESTAURANT which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

   a.   lack of directional signage to show accessible routes of travel, i.e. entrances;

   b.   lack of an accessible entrance due to excessive door pressure;

   c.   lack of a handicapped-accessible women's public restroom;

   d.   lack of a handicapped-accessible men's public restroom;

   e.   lack of a clear path of travel to sanitary facilities; and

   f.   On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

22.   At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

///

///

23.     On or about January 29, 2010, defendant(s) were sent two (2) letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

24.     At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

25.     As a legal result of defendants ROBERTO TIM-HUNG LEONG (a.k.a. ROBERTO LEON) and MARIA LEE LEONG (a.k.a. MARIA LEON). As Trustees, OF THE ROBERTO TIM-HUNG LEONG AND MARIA LEE LEONG REVOCABLE TRUST DATED MARCH 21, 2000; and QUANG B. TRAN, an individual dba PHO CLEMENT RESTAURANT's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

///
///
///
///
///
///
///

26.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury on or about December 18, 2009, January 23, 2010, February 11, 2010 and March 4, 2010, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing double doors with excessive door pressure, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremity while attempting to open said doors.

27.     Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

28.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

29. Plaintiff CRAIG YATES was denied his rights to equal access to a public facility by defendants ROBERTO TIM-HUNG LEONG (a.k.a. ROBERTO LEON) and MARIA LEE LEONG (a.k.a. MARIA LEON), As Trustees, OF THE ROBERTO TIM-HUNG LEONG AND MARIA LEE LEONG REVOCABLE TRUST DATED MARCH 21, 2000; and QUANG B. TRAN, an individual dba PHO CLEMENT RESTAURANT, because defendants ROBERTO TIM-HUNG LEONG (a.k.a. ROBERTO LEON) and MARIA LEE LEONG (a.k.a. MARIA LEON), As Trustees, OF THE ROBERTO TIM-HUNG LEONG AND MARIA LEE LEONG REVOCABLE TRUST DATED MARCH 21, 2000; and QUANG B. TRAN, an individual dba PHO CLEMENT RESTAURANT maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to the entrance, path of travel, men's restroom and women's restroom, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

30. On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

31. Plaintiff, as described hereinbelow, seeks injunctive relief to require the PHO CLEMENT RESTAURANT to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the PHO CLEMENT as a public facility.

///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1      32.    Plaintiff seeks damages for violation of their civil rights on December 18, 2009,

2  January 23, 2010, February 11, 2010 and March 4, 2010, and seeks statutory damages of not less

3  than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3,

4  for each day after his  visit that the trier of fact (court/jury) determines was the date that some or

5  all remedial work should have been completed under the standard that the landlord and tenant had

6  an ongoing duty to identify and remove architectural barriers where it was readily achievable to do

7  so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation

8  because of his knowledge and/or belief that neither some or all architectural barriers had been

9  removed and that said premises remains inaccessible to persons with disabilities whether a

10  wheelchair user or otherwise.

11      33.    On information and belief, defendants have been negligent in their affirmative duty

12  to identify the architectural barriers complained of herein and negligent in the removal of some or

13  all of said barriers.

14      34.    Because of defendants' violations, plaintiff and other persons with physical

15  disabilities are unable to use public facilities such as those owned and operated by defendants on a

16  "full and equal" basis unless such facility is in compliance with the provisions of the Americans

17  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

18  other accessibility law as plead herein.  Plaintiff seeks an order from this court compelling

19  defendants to make the PHO CLEMENT accessible to persons with disabilities.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

35. On information and belief. defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each of them. in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff. and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons. and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants. and each of them. to other operators and landlords of other restaurants and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

36. Plaintiff is informed and believes and therefore alleges that defendants ROBERTO TIM-HUNG LEONG (a.k.a. ROBERTO LEON) and MARIA LEE LEONG (a.k.a. MARIA LEON). As Trustees, OF THE ROBERTO TIM-HUNG LEONG AND MARIA LEE LEONG REVOCABLE TRUST DATED MARCH 21, 2000; and QUANG B. TRAN. an individual dba PHO CLEMENT RESTAURAN I, and each of them. caused the subject building(s) which constitute the PHO CLEMENT RESTAURANT to be constructed. altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the subject restaurant and were denied full and equal use of said public facilities. Furthermore. on information and belief, defendants have continued to maintain and operate said restaurant and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the subject restaurant and/or its building(s) is in violation of the civil rights of persons with physical disabilities. such as plaintiff CRAIG YATES. and other members of the disability community. Such construction. modification. ownership. operation. maintenance and practices of such public facilities are in violation of Civil Code §§51. 51.5 and 54. Health and Safety Code §19955, and the ADA. 42 U.S.C. §12101, *et seq.*

///

37.     On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the PHO CLEMENT RESTAURANT  and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants' failure, under state and federal law, to make the PHO CLEMENT RESTAURANT accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.  Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiff and other persons with physical disabilities to the PHO CLEMENT.  Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

///

///

///

38.     Plaintiff CRAIG YATES and the disability community, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

I.     **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants ROBERTO TIM-HUNG LEONG (a.k.a. ROBERTO LEON) and MARIA LEE LEONG (a.k.a. MARIA LEON), As Trustees, OF THE ROBERTO TIM-HUNG LEONG AND MARIA LEE LEONG REVOCABLE TRUST DATED MARCH 21, 2000; and QUANG B. TRAN, an individual dba PHO CLEMENT RESTAURANT, inclusive)
(42 U.S.C. §12101, *et seq.*)

39.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 38 of this complaint.

40.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

41.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///

42.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181. *et seq.*). Among the public accommodations identified for purposes of this title was:

(7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -

---

(B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

43.     Pursuant to §302. 42 U.S.C. §12182. "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

44.     The specific prohibitions against discrimination set forth in §302(b)(2)(a). 42 U.S.C. §12182(b)(2)(a) are:

(I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

1              (iv)    a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing

2    facilities . . . where such removal is readily achievable; and

3               (v)    where an entity can demonstrate that the removal of
a barrier under clause (iv) is not readily achievable, a failure to

4    make such goods, services, facilities, privileges, advantages or
accommodations available through alternative methods if such

5    methods are readily achievable.

6    The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

7    Law 101-336, and the regulations promulgated thereunder. 28 CFR Part 36, *et seq.* - Effective

8    January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

9    §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

10        45.    The removal of the barriers complained of by plaintiff as hereinabove alleged were

11    at all times after January 26, 1992 "readily achievable" as to the subject building(s) of PHO

12    CLEMENT RESTAURANT pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and

13    belief, if the removal of all the barriers complained of herein together was not "readily

14    achievable," the removal of each individual barrier complained of herein was "readily

15    achievable." On information and belief, defendants' failure to remove said barriers was likewise

16    due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

17    (b)(2)(A)(i)and (ii).

18        46.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

19    accomplishable and able to be carried out without much difficulty or expense." The statute

20    defines relative "expense" in part in relation to the total financial resources of the entities

21    involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that

22    plaintiff complains of herein were and are "readily achievable" by the defendants under the

23    standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was

24    not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

25    make the required services available through alternative methods which were readily achievable.

26    ///

27    ///

28    ///

47.     On information and belief, construction work on, and modifications of, the subject building(s) of the PHO CLEMENT RESTAURANT occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992. independently triggering access requirements under Title III of the ADA.

48.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188. *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

49.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section. plaintiff CRAIG YATES has not returned to defendants' premises since on or about March 4. 2010, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2). "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

50.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

II.   **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants ROBERTO TIM-HUNG LEONG (a.k.a. ROBERTO LEON) and MARIA LEE LEONG (a.k.a. MARIA LEON), As Trustees, OF THE ROBERTO TIM-HUNG LEONG AND MARIA LEE LEONG REVOCABLE TRUST DATED MARCH 21, 2000; and QUANG B. TRAN, an individual dba PHO CLEMENT RESTAURANT, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

51.   Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 50 of this complaint.

52.   At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

53.   California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

> Civil Code §54.1(a)(1)

54.   California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

> Civil Code §54.1(d)

55.     Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants. and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to defendants' PHO CLEMENT RESTAURANT. As a legal result. plaintiff is entitled to seek damages pursuant to a court or jury determination. in accordance with California Civil Code §54.3(a) for each day on which he visited or have been deterred from visiting the subject restaurant because of his knowledge and belief that the PHO CLEMENT is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

> Any person or persons. firm or corporation. who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54. 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury. or the court sitting without a jury. up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1.000) and . . . attorney's fees as may be determined by the court in addition thereto. suffered by any person denied any of the rights provided in Sections 54. 54.1 and 54.2.

Civil Code §54.3(a)

56.     On or about December 18. 2009. January 23, 2010, February 11, 2010 and March 4, 2010, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was denied access to the entrance. path of travel, men's restroom and women's restroom and other public facilities as stated herein at the PHO CLEMENT RESTAURANT and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

///
///
///
///
///
///

57.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical discomfort, bodily injury on or about December 18, 2009, January 23, 2010, February 11, 2010 and March 4, 2010, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing double doors with excessive door pressure, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremity while attempting to open said doors.

58.     Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

59.     Plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about December 18, 2009, January 23, 2010, February 11, 2010 and March 4, 2010, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       60.    As a result of defendants'. and each of their. acts and omissions in this regard,

2 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

3 plaintiff's rights and enforce the provisions of the law protecting access for persons with physical

4 disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to

5 the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all

6 reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally.

7 plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff. but also to

8 compel the defendants to make their facilities accessible to all members of the public with

9 disabilities. justifying public interest attorneys' fees. if deemed the prevailing party, pursuant to

10 the provisions of §1021.5 of the Code of Civil Procedure.

11 **III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEO.***

12 (On Behalf of Plaintiff CRAIG YATES. an individual and Against Defendants ROBERTO TIM-HUNG LEONG (a.k.a. ROBERTO LEON) and MARIA LEE LEONG (a.k.a.

13 MARIA LEON). As Trustees. OF THE ROBERTO TIM-HUNG LEONG AND MARIA LEE LEONG REVOCABLE TRUST DATED MARCH 21, 2000: and QUANG B.

14 TRAN. an individual dba PHO CLEMENT RESTAURANT, inclusive)

(Health & Safety Code §19955. *et seq.*)

15

16       61.    Plaintiff repleads and incorporates by reference. as if fully set forth again herein.

the allegations contained in paragraphs 1 through 60 of this complaint.

17

18       62.    Health & Safety Code §19955 provides in pertinent part:

19       The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the

20       provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part

21       "public accommodation or facilities" means a building. structure. facility. complex. or improved area which is used by the general

22       public and shall include auditoriums. hospitals. theaters. restaurants. hotels. motels. stadiums. and convention centers. When sanitary

23       facilities are made available for the public. clients or employees in such accommodations or facilities. they shall be made available for the handicapped.

24

25

26

27

28

63.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the PHO CLEMENT RESTAURANT and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the subject restaurant and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

64.     Pursuant to the authority delegated by Government Code §4450, *et seq,* the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the subject restaurant or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

65.     Restaurants such as the PHO CLEMENT are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

///

///

///

///

66. As a result of the actions and failure to act of defendants. and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil rights and plaintiff's rights as a person with physical disabilities to full and equal access to public facilities.

67. Attorneys' Fees -- As a result of defendants' acts and omissions in this regard. plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiff's own interests and in order to enforce an important right affecting the public interest. Plaintiff, therefore. seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative. plaintiff will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)). Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

68. Plaintiff seeks injunctive relief for an order compelling defendants, and each of them. to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

IV. **FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS. ADVANTAGES. FACILITIES. PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES. an individual and Against Defendants ROBERTO TIM-HUNG LEONG (a.k.a. ROBERTO LEON) and MARIA LEE LEONG (a.k.a. MARIA LEON). As Trustees. OF THE ROBERTO TIM-HUNG LEONG AND MARIA LEE LEONG REVOCABLE TRUST DATED MARCH 21, 2000: and QUANG B. TRAN. an individual dba PHO CLEMENT RESTAURANT, inclusive)
(Civil Code §51, 51.5)

69. Plaintiff repleads and incorporates by reference. as if fully set forth again herein. the allegations contained in paragraphs 1 through 68 of this complaint.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

1       70.   Defendants' actions and omissions and failure to act as a reasonable and prudent

2   public accommodation in identifying, removing and/or creating architectural barriers, policies,

3   practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

4   Unruh Act provides:

5       This section shall be known, and may be cited, as the Unruh
    Civil Rights Act.

6

7       All persons within the jurisdiction of this state are free and
    equal, and no matter what their sex, race, color, religion, ancestry,
    national origin, or **disability** are entitled to the full and equal

8       accommodations, advantages, facilities, privileges, or services in all
    business establishments of every kind whatsoever.

9

10      This section shall not be construed to confer any right or
    privilege on a person that is conditioned or limited by law or that is
    applicable alike to persons of every sex, color, race, religion,

11      ancestry, national origin, or **disability.**

12      Nothing in this section shall be construed to require any
    construction, alteration, repair, structural or otherwise, or

13      modification of any sort whatsoever, beyond that construction,
    alteration, repair, or modification that is otherwise required by other

14      provisions of law, to any new or existing establishment, facility,
    building, improvement, or any other structure . . . nor shall anything

15      in this section be construed to augment, restrict, or alter in any way
    the authority of the State Architect to require construction,

16      alteration, repair, or modifications that the State Architect otherwise
    possesses pursuant to other . . . laws.

17

18      A violation of the right of any individual under the
    Americans with Disabilities Act of 1990 (Public Law 101-336) shall
    also constitute a violation of this section.

19

20  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

21  "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

22  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

23  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

24  defendants, and each of them.

25  ///

26  ///

27  ///

28  ///

71.     The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm, association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

72.     Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."  Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at §39. *et seq.*, as if repled herein.

///
///
///
///
///
///

1    73.    As a further legal result of the actions and failure to act of defendants, and as a

2    legal result of the failure to provide proper handicapped-accessible public facilities as set forth

3    herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff

4    CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical

5    disabilities to full and equal access to public facilities, and further suffered bodily injury on or

6    about December 18, 2009, January 23, 2010, February 11, 2010 and March 4, 2010, including, but

7    not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up,

8    on, down, to, over, around and through architectural barriers. Specifically, as a legal result of

9    defendants negligence in the design, construction and maintenance of the existing double doors

10   with excessive door pressure, plaintiff suffered continuous, repetitive and cumulative trauma to

11   his right upper extremity while attempting to open said doors.

12   74.    Further, plaintiff CRAIG YATES suffered mental distress, mental

13   suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,

14   disappointment and worry, all of which are expectedly and naturally associated with a denial of

15   access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

16   Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

17   basis that plaintiff is a person or an entity that represents persons with physical disabilities and

18   unable, because of the architectural barriers created and maintained by the defendants in violation

19   of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

20   other persons.

21   75.    Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)

22   of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to

23   mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is

24   allowed by statute, according to proof if deemed to be the prevailing party.

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 **PRAYER:**

2     Plaintiff prays that this court award damages and provide relief as follows:

3 **I.**     **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

4     **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101,** *et seq.***)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants ROBERTO

5     TIM-HUNG LEONG (a.k.a. ROBERTO LEON) and MARIA LEE LEONG (a.k.a. MARIA LEON), As Trustees, OF THE ROBERTO TIM-HUNG LEONG AND MARIA

6     LEE LEONG REVOCABLE TRUST DATED MARCH 21, 2000; and QUANG B. TRAN, an individual dba PHO CLEMENT RESTAURANT, inclusive)

7     (42 U.S.C. §12101, *et seq.*)

8     1.     For injunctive relief, compelling defendants ROBERTO TIM-HUNG LEONG

9 (a.k.a. ROBERTO LEON) and MARIA LEE LEONG (a.k.a. MARIA LEON), As Trustees, OF

10 THE ROBERTO TIM-HUNG LEONG AND MARIA LEE LEONG REVOCABLE TRUST

11 DATED MARCH 21, 2000; and QUANG B. TRAN, an individual dba PHO CLEMENT

12 RESTAURANT, inclusive, to make the PHO CLEMENT RESTAURANT, located at 239

13 Clement Street, San Francisco, California, readily accessible to and usable by individuals with

14 disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies,

15 practice, eligibility criteria and procedures so as to afford full access to the goods, services,

16 facilities, privileges, advantages and accommodations being offered.

17     2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

18 prevailing party; and

19     3.     For such other and further relief as the court may deem proper.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEO.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants ROBERTO TIM-HUNG LEONG (a.k.a. ROBERTO LEON) and MARIA LEE LEONG (a.k.a. MARIA LEON), As Trustees, OF THE ROBERTO TIM-HUNG LEONG AND MARIA LEE LEONG REVOCABLE TRUST DATED MARCH 21, 2000; and QUANG B. TRAN, an individual dba PHO CLEMENT RESTAURANT, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1. For injunctive relief, compelling defendants ROBERTO TIM-HUNG LEONG (a.k.a. ROBERTO LEON) and MARIA LEE LEONG (a.k.a. MARIA LEON), As Trustees, OF THE ROBERTO TIM-HUNG LEONG AND MARIA LEE LEONG REVOCABLE TRUST DATED MARCH 21, 2000; and QUANG B. TRAN, an individual dba PHO CLEMENT RESTAURANT, inclusive. to make the PHO CLEMENT RESTAURANT, located at 239 Clement Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2. Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation.

3. Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4. Treble damages pursuant to Civil Code §54.3;

5. General damages according to proof;

6. For all costs of suit;

7. Prejudgment interest pursuant to Civil Code §3291; and

8. Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///

III.   **PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
       SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE
       §19955, *ET. SEQ.***
       (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants ROBERTO
       TIM-HUNG LEONG (a.k.a. ROBERTO LEON) and MARIA LEE LEONG (a.k.a.
       MARIA LEON), As Trustees, OF THE ROBERTO TIM-HUNG LEONG AND MARIA
       LEE LEONG REVOCABLE TRUST DATED MARCH 21, 2000; and QUANG B.
       TRAN, an individual dba PHO CLEMENT RESTAURANT, inclusive)
       (Health & Safety code §19955, *et seq.*)

       1.     For injunctive relief, compelling defendants ROBERTO TIM-HUNG LEONG

(a.k.a. ROBERTO LEON) and MARIA LEE LEONG (a.k.a. MARIA LEON), As Trustees, OF

THE ROBERTO TIM-HUNG LEONG AND MARIA LEE LEONG REVOCABLE TRUST

DATED MARCH 21, 2000; and QUANG B. TRAN, an individual dba PHO CLEMENT

RESTAURANT, inclusive, to make the PHO CLEMENT RESTAURANT, located at 239

Clement Street, San Francisco, California, readily accessible to and usable by individuals with

disabilities, per state law.

       2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

       3.     For all costs of suit;

       4.     For prejudgment interest pursuant to Civil Code §3291;

       5.     Such other and further relief as the court may deem just and proper.

IV.    **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
       FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,
       PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
       CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
       (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants ROBERTO
       TIM-HUNG LEONG (a.k.a. ROBERTO LEON) and MARIA LEE LEONG (a.k.a.
       MARIA LEON), As Trustees, OF THE ROBERTO TIM-HUNG LEONG AND MARIA
       LEE LEONG REVOCABLE TRUST DATED MARCH 21, 2000; and QUANG B.
       TRAN, an individual dba PHO CLEMENT RESTAURANT, inclusive)
       (California Civil Code §§51, 51.5, *et seq.*)

       1.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and

for each occasion on which plaintiff was deterred from returning to the subject public

accommodation;

       2.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing

party;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

                                                                                        29

3.    General damages according to proof;

4.    Treble damages pursuant to Civil Code §52(a);

5.    For all costs of suit;

6.    Prejudgment interest pursuant to Civil Code §3291; and

7.    Such other and further relief as the court may deem just and proper.

Dated: ___3/11/10___, 2010    THOMAS E. FRANKOVICH.
*A PROFESSIONAL LAW CORPORATION*


By: _____
THOMAS E. FRANKOVICH
Attorneys for Plaintiff CRAIG YATES. an individual


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.


Dated: ___3/11/10___, 2010    THOMAS E. FRANKOVICH.
*A PROFESSIONAL LAW CORPORATION*


By: _____
THOMAS E. FRANKOVICH
Attorneys for Plaintiff CRAIG YATES. an individual

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

30

Recycled   Stock # R DOA-10-B

**A**

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903


January 29, 2010

Manager
PHO Clement
239 Clement Street
San Francisco, CA 94118


Dear Manager:

Recently, I visited PHO Clement. The food was quite good and reasonably priced.

That part of my experience was good. However, there are a few problems that need your immediate attention. You see, I use a wheelchair. Wheelchair users like me (as I did) had a problem with the double door entrance on a slope with heavy door pressure. It's a struggle to open. The men's room was not usable because the shelves outside the restroom block the pathway to get to the door of the restroom. One of the food servers told me that the men's restroom was not accessible and I should use the womens restroom. Okay, that's alright but when I went to use it the door swung in so I couldn't maneuver and close the door for privacy. Also there is a vanity or cabinet in there which also takes up room to maneuver. It should come out. I didn't see any grab bars. You need them. You can understand what this is like, right? So, that part of my experience was not good.

You need to learn what needs to be done and do it now. So, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access. Remember, wheelchair users have an old saying: "Access delayed is Access denied." You understand, right? Anyway, please write me when you get this letter and make me a promise that you will take care of this right away. Give me a date. Thanks!


Sincerely,

*Craig Thomas Yates*

Craig M. Yates

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903


January 29, 2010

Owner of the Building for
PHO Clement
239 Clement Street
San Francisco, CA 94118


Dear Owner of Building for PHO Clement:

Recently, I visited PHO Clement. The food was quite good and reasonably priced.

That part of my experience was good. However, there are a few problems that need your immediate attention. You see, I use a wheelchair. Wheelchair users like me (as I did) had a problem with the double door entrance on a slope with heavy door pressure. It's a struggle to open. The men's room was not usable because the shelves outside the restroom block the pathway to get to the door of the restroom.   One of the food servers told me that the men's restroom was not accessible and I should use the womens restroom. Okay, that's alright but when I went to use it the door swung in so I couldn't maneuver and close the door for privacy. Also there is a vanity or cabinet in there which also takes up room to maneuver. It should come out. I didn't see any grab bars. You need them. You can understand what this is like, right? So, that part of my experience was not good.

You need to learn what needs to be done and do it now. So, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access. Remember, wheelchair users have an old saying: "Access delayed is Access denied." You understand, right? Anyway, please write me when you get this letter and make me a promise that you will take care of this right away. Give me a date. Thanks!


Sincerely,

Craig M. Yates